IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS D. WHITE, SR., ) | Case No. 3:23-cv-939 |
| ) | |
| Petitioner, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| ANGELA STUFF, Warden, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |
| ) | |

**I.     Introduction**

Petitioner, Thomas D. White, Sr., an inmate at the Allen-Oakwood Correctional Institution, where Respondent Angela Hunsinger-Stuff serves as warden,[1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  White is serving an aggregate sentence of 36 years arising from consecutive prison terms imposed in 2003 and 2004 for three counts of rape, and one count each of robbery, felonious assault, and kidnapping.  Because White's claims are plainly barred by the statute of limitations and were otherwise procedurally defaulted, I recommend that his claims for habeas relief be DISMISSED and his petition be DENIED.

**II.     Section 2254 Claims**

On May 8, 2023, White filed his petition under 28 U.S.C. § 2254, asserting two claims for relief:

> **GROUND ONE:** The Appeals Court denied Appellant of his right to [Appeal] counsel pursuant to the Sixth & Fourteenth Amendments.

---

[1] Allen-Oakwood Correctional Institution (last visited 1/23/2024).

**GROUND TWO:** Under Section 10, Article 1 to the Ohio Constitution denied the effective Assistance of Appellant Counsel, violation of 6th – 14th Amends.

ECF Doc. 1 at PageID # 5, 9.

### III. State Court History

#### A. Trial Court

White was charged in three Lucas County grand jury indictments. The first, in case CR-03-1332, filed February 6, 2003, charged White with aggravated robbery (Ct. 1), felonious assault (Ct. 2), and kidnapping (Ct. 3). ECF Doc. 9-1 at PageID # 163-65. White unsuccessfully moved to suppress a photo array identification. *Id.* at PageID # 175. White waived his jury trial right and was convicted after a bench trial of felonious assault, kidnapping, and the lesser included offense of robbery. *Id.* at PageID # 179. On July 11, 2003, he was given an aggregate sentence of 15 years. *Id.* at PageID # 182.

White's second indictment, in case CR-03-2820, filed August 15, 2003, charged him with two counts of rape with three-year firearm specifications (Cts. 1, 2); and two counts of kidnapping also with firearm specifications (Cts. 3, 4). The rape and kidnapping allegations alleged offenses that occurred on two different days in 2002. *Id.* at PageID # 69-72.

White's third indictment, in CR-04-1044, filed January 12, 2004, charged him with rape (Ct. 1), and kidnapping with a sexual motivation specification (Ct. 2) from conduct that allegedly occurred in 1998. *Id.* at PageID # 76-78.

White moved to suppress evidence from blood and saliva samples taken from him pursuant to a search warrant. *Id.* at PageID # 90. On April 19, 2004, before the suppression motion was decided, White pleaded no contest to two counts of rape in CR-03-2820, *id.* at PageID # 118), and no contest to one count of rape in CR-04-1044, *id.* at PageID # 122. The

court accepted White's pleas and dismissed all other charges and specifications. *Id.* at PageID # 120, 125.

On May 28, 2004 the trial court ordered White to serve consecutive seven-year prison terms on the two rape counts in CR-03-2820 and adjudged him to be a sexual predator. *Id.* at PageID # 127-28. White was ordered to serve a term of seven years on the rape count in CR-04-1044. *Id.* at PageID # 131. The sentences in the two cases were ordered to be served consecutively and consecutive to the 15-year aggregate sentence from his first case (CR-03-1332). *Id.* at PageID # 127, 131. Thus, White's aggregate prison sentence for the three cases was 36 years.

**B. Direct Appeal(s)**

White appealed his sentence in CR-03-1332 on August 11, 2003, but he did not challenge his conviction. His sole assignment of error argued that the trial court erred in imposing court costs and ordering restitution. ECF Doc. 9-1 at PageID # 193. On October 22, 2004, the Ohio Court of Appeals overruled White's assignment of error and affirmed the judgment of the trial court. *Id.* at PageID # 213. On March 9, 2006, the trial court entered a nunc pro tunc corrected judgment entry, "to reflect the Defendant having been given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28." Because White's claim in CR-03-1332 did not contend that he was in custody in violation of the U.S. Constitution or federal law, it raised no issue that can be considered under 28 U.S.C. § 2254.

White filed notices of appeal of CR-03-2820 and CR-04-1044 on June 25, 2004. *Id.* at PageID # 271, 278. The Ohio Court of Appeals consolidated the appeals. *Id.* at PageID # 134. Although the warden did not file a copy of White's appellate brief as a part of the state court

3

record in this matter, the decision of the Ohio Court of Appeals recited White's sole assignment of error: "Prejudicial error was committed when the trial court imposed consecutive sentences upon the appellant without making all of the findings required under R.C. 2929.14(E)(4)." *Id.* at PageID # 150. On January 20, 2006, the court of appeals sustained White's assignment of error, vacated his sentences in CR-03-2820 and CR-04-1044, and remanded the matters for resentencing. But in all other respects, the trial court's judgments were affirmed. *Id.* at PageID # 154. Upon resentencing on February 10, 2006, the trial court imposed the same prison terms and aggregate sentence in the original judgments. *Id.* at PageID # 157, 160. In compliance with the remand order, the trial court made the following findings in compliance with Ohio Rev. Code § 2929.14: (i) consecutive sentences were necessary to protect the public from future crime or to punish the offender; (ii) consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (iii) the offender's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by the offender. *Id.* at PageID # 157-58, 160-61.

White never sought review of any decision of the Ohio Court of Appeals in the Ohio Supreme Court.

    **C.**    **Ohio Appellate Rule 26 Application**

Sixteen years later, on November 14, 2022, White filed a "Delayed Application for Consideration Pursuant to App.R. 26(A)," which sought either reconsideration or the reopening of his direct appeals in the rape cases (CR-03-2820 and CR-04-1044). White alleged that the withdrawal and replacement of his originally appointed appellate counsel (which prevented one attorney from "enact[ing] and exhaust[ing] his appeal in [its] entirety") was an extraordinary circumstance that would justify reconsideration or reopening. *Id.* at PageID # 220. And he

4

asserted that he received ineffective assistance of both trial and appellate counsel, the former because he was urged to plead no contest to rape rather than going to trial and did not receive the expected sentence, and the latter because appellate counsel did not raise these claims. *Id.* at PageID # 221. The state moved to dismiss on the grounds of untimeliness and lack of merit. *Id.* at PageID # 225.

In a decision filed December 14, 2022, the Ohio Court of Appeals denied White's application. *Id.* at PageID # 234-37. In considering the applicability of Ohio App. R. 26(A), the court denied the application as untimely and for lacking any claims that could not have been raised on direct appeal (*e.g.* regarding the withdrawal and replacement of the originally appointed appellate counsel). *Id.* at PageID # 236. In considering the applicability of Ohio App. R. 26(B), the court ruled that White had not shown good cause to justify consideration of the application when it was filed years after the expiration of the App. R. 26(B) 90-day filing deadline, and "[r]egardless, appellant has failed to demonstrate a reasonable probability that had his counsel on direct appeal raised the argument [regarding his trial counsel's alleged ineffectiveness], he would have been successful." *Id.* at PageID # 237.

IV.    **Law and Analysis**

    A.    **Statute of Limitations**

        1.    **The AEDPA Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

5

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Because White did not appeal following resentencing in CR-03-2820 and CR-04-1044, his judgments of conviction in those cases became final under AEDPA on March 13, 2006 – the deadline to appeal after his February 9, 2006 resentencing.[2] White's deadline to seek relief under AEDPA was March 13, 2007. A habeas petition filed on April 18, 2023, was 16 years, 9 months and 27 days late, plainly time barred. The filing of White's Application for App. R. 26(A) reconsideration (or reopening under App. R. 26(B)) does not change the evaluation. Once the AEDPA statute of limitations expired, later state court filings do not restart the limitations period. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 461 (6th Cir. 2012).

White has neither argued for nor shown the applicability of any statutory tolling provision in 28 U.S.C. § 2244(d)(1). Thus, unless some equitable reason would apply to excuse the untimely filing of White's petition, it must be dismissed as time barred.

### 2. Equitable Tolling and Actual Innocence

Because AEDPA's statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). If a petitioner seeks

---

[2] Had White sought Ohio Supreme Court review of the Ohio Court of Appeals decision in CR-03-2820 and CR-04-1044, his deadline to seek habeas relief under AEDPA would also have included the 90-day period for seeking United States Supreme Court review. But we need not add that period given White's failure to seek Ohio Supreme Court review. Further, White did not seek Ohio Supreme Court review after the conclusion of his appeal in CR-03-1332. Thus, his judgment became final in that case on the day after his right to seek Ohio Supreme Court review expired, December 6, 2004. But as explained at page 3 above, case no. CR-03-1332 has no impact on White's habeas rights.

equitable tolling, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation marks omitted). The Sixth Circuit has indicated that equitable tolling is applied "sparingly," *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006), and decided on a "case-by-case basis," *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). Although the warden, when asserting statute of limitations as an affirmative defense, must initially show that the statute has run, the petitioner bears the ultimate burden to persuade the court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

There is also an equitable exception to the one-year limitations period when a petitioner makes a "convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

### 3.     Equitable Tolling Is Not Available

To assess whether White pursued his rights diligently or whether some extraordinary circumstance stood in his way and prevented timely filing, we begin with what he has submitted to us. White's habeas petition indicated "N/A" in the section requiring him to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d)(1) does not bar your petition." ECF Doc. 1 at PageID #16. After the warden filed her return of writ challenging the timeliness of White's habeas petition, White filed his traverse. ECF Doc. 10. In it, White states: "As clearly stated in petitioner's initial filing, due to being constantly transferred from prison to prisons- it was virtually impossible for petitioner to file in timely fashion per set rules and policy." ECF Doc. 10 at PageID # 699. White's petition did assert that his Ohio Supreme Court Appeal of Case No. CR-03-1332 was "unresolved due to plaintiff's legal papers being stolen,

7

lost or destroyed through transitual [sic] transfers of prisons." ECF Doc. 1 at PageID # 2. And he offered the same reason for not seeking U.S. Supreme Court review of that case. *Id.* at PageID # 3. But, as discussed above, case no. CR-03-1332 is not relevant to the instant habeas petition.

    I find that White has offered an insufficient explanation for the untimely filing of his habeas petition. Although White generally asserts that he lost or had his legal papers stolen, he provides no detail to back that up. He has not indicated what papers were missing, when he lost them, what steps he took to replace them, or provided any other information on the topic. More fundamentally, White has not offered any other explanation for why he took no action to file his habeas petition for nearly seventeen years.

    The Sixth Circuit has long held that a petitioner is entitled to equitable tolling of the AEDPA statute of limitations only when he shows both that he has been reasonably diligent in pursuing his right and when some extraordinary circumstance prevented the filing of the petition. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011). And not having one's legal papers does not prevent the filing of a habeas petition or entitle a person to equitable tolling of the statute of limitations. *Id.* at 751; *see also Hatcher v. Valentine*, No. 21-5252, 2021 U.S. App. LEXIS 30411, at *6 (6th Cir. 2011).

    I find that White is not entitled to equitable tolling of the AEDPA statute of limitations because he has not shown that he has been reasonably diligent in pursuing his rights, and he has not shown that some extraordinary circumstance intervened to prevent him from filing a federal habeas petition years ago.

8

4. **No Actual Innocence Claim**

Although AEDPA's one-year limitations period may be excused in cases in which the petitioner makes a colorable showing that he is actually innocent, *see McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (citing *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)), White has failed to even argue (let alone show) that he is innocent of his crimes of conviction.

I recommend White's petition be DISMISSED as time barred.

B. **Procedural Default**

1. **Construing White's Two Claims**

Even if White's petition were not time-barred, his claims would be subject to dismissal as procedurally defaulted. White's two habeas claims are closely related. In his Ground One claim, he contends his rights were violated because, "The Appeals Court denied Appellant of his right to [Appeal] counsel pursuant to the Sixth & Fourteenth Amendments." White complains that his right to an appellate attorney was violated when the Ohio Court of Appeals granted a motion to withdraw filed by his originally appointed counsel (due to various issues she had encountered, such as family health, moving, busyness, etc.). White's "Supporting Facts" for the Ground One claim are as follows:

> Failing to make sure that the Honorable William J. Skow's Court Order for counsel was fulfilled and executed. Being indigent – Judge W. J. Skow Appointed Counsel to perfect an appeal for the plaintiff. Plaintiff filed a motion to compel – which went unruled or even unfiled on the dockets, unchallenged by the State of Ohio. "uncontested"

ECF Doc. 1 at PageID # 5. Essentially, White argues that he was entitled to have *the specific attorney* who was appointed by the trial judge (Judge Skow) to represent him on appeal and serve as his lawyer from the beginning to the end of the appeal. Relatedly, he asserts that the

order of the trial judge appointing the original appellate attorney was "violated" when the attorney was permitted to withdraw – because of her inability to properly represent White – and was replaced by another attorney. White seems to assert that he was denied the effective assistance of appellate counsel when his originally appointed attorney became unable to represent him.

But, somewhat confusingly, White's traverse also states that the Ground One claim relates to an alleged failure of appellate counsel to raise an error of trial counsel. He states:

> Furthermore, Evidence not reflected in the records, reflects and shows that the defendant[']s initial attorney instructed him not to have a jury trial, to plead guilty and when asked by the judge if he freely does so, not coerced or promised anything, that defendant White was to reply by saying yes he freely pleads, no promises made while counsel assured him that a deal between him and the prosecutor was struck in secret and White would not receive the maximum sentence(s).

ECF Doc. 10 at PageID # 701.

White's Ground Two claim alleges that he was denied the effective assistance of appellate counsel. White's petition asserts the following "Supporting Facts" for the Ground Two claim:

> Appellant Counsel failed to raise an obvious and significant error on review that Appellant was denied his 6th and 14th Amendment rights., Accord: Section 10 [and] 16, Article 1 to the Ohio Constitution. Appellant Counsel was court ordered, yet that order went unintended, rather – Appeal was never perfected by any counsel – disregarding the order of the courts – A motion to compel was filed pro se by Appellant and to No Avail – it was never acknowledged or shown on Dockets –

ECF Doc. 1 at PageID # 9. White's traverse suggests that his Ground Two claim is focused upon the alleged error that arose when his original appellate counsel was permitted to withdraw – the same issue he raises in the Ground One claim. For example, White asserts that he received ineffective assistance of appellate counsel because his counsel "failed to raise an obvious and significant error" that he was denied his right to be represented by counsel. ECF Doc. 10 at

10

PageID # 701-02.  And it seems that White, focused upon the granting of a motion to withdraw filed by his original appellate attorney, contends that his second appellate attorney should have assigned as error the failure of the original attorney to complete the assigned task (and comply with the order of appointment).  He contends that, "White Sr, was prejudiced by the 'Order' not being enforced or upheld not executed, which therefore deprived him of his rights stated herein." *Id.* at PageID # 703.  This seems to be the only reasonable interpretation of White's Ground Two claim, because he goes on to state that he "is still awaiting representation and copies from new counsel-which would have been granted upon [the original attorney's] motion being granted." *Id*. at PageID # 704.  And he claims that his original appellate attorney's representation "was deficient because she abandoned (withdrew) her legal duties to him in executing his appeal."  *Id.*

In construing White's claims, we are required to be lenient.  Pleadings by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings by lawyers.  *El Bey v. Roop*, 500 F.3d 407, 413 (6th Cir. 2008).  Nevertheless, liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Further, the court may not: (1) rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); (2) construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); (3) "conjure up [unpleaded] allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979); or (4) create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  *See also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that holding otherwise would "transform the district court . . . to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

11

Construing White's two claims liberally, I conclude that he is asserting in Ground One that his Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel were violated when his original appellate attorney was permitted to withdraw, in violation of the appointing order issued by the trial judge. And I conclude that White's Ground Two claim asserts that his Sixth and Fourteenth Amendment right to the effective assistance of appellate counsel was violated when his replacement counsel failed to assign as error the matter raised in the Ground One claim. We may also infer that White is attempting to assert a claim that his appellate counsel was ineffective for not raising an ineffective assistance of trial counsel claim based on trial counsel's advice to White to plead guilty to rape charges, with the understanding that there was some kind of agreement in place that White would not receive a maximum sentence.

### 2. Procedural Default Law

A federal court is not permitted to review habeas claims on the merits if the petitioner never had the claims reviewed on the merits in state court because he: (i) never fairly presented the claims, or (ii) failed to follow the state's procedural requirements for presenting the claims in state court. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). This doctrine flows from the insight that courts must have the authority to insist that "defendants present their arguments on time and according to established procedures." *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019). And the petitioner must have fairly presented his claims as *federal* constitutional claims at every available stage of state review. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Thus, we cannot consider a habeas claim if "the last state-court judgment denying relief on the claim rests on a procedural state-law

12

ground that is independent of the federal question and is adequate to support the judgement." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (internal quotation marks omitted).

This Circuit uses a four-part test to decide whether a petitioner has procedurally defaulted his claim. Procedural default occurs if: (i) the petitioner fails to comply with a state procedural rule; (ii) the state courts enforced the rule; (iii) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (iv) the petitioner cannot show cause and prejudice that would excuse the default. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

### 3. Analysis of Procedural Default

Although White's claims could be subjected to a multi-layered procedural default analysis, one thing is crystal clear: he never presented any claim to the Ohio Supreme Court, either as a part of the direct review process in 2006, when he had the chance to do so then; or after the denial of his Rule 26 application by the Ohio Court of Appeals in 2022, when he had an additional chance to do so. Plainly, White's assignments of error in the appeal of his CR-03-2820 and CR-04-1044 convictions only challenged the imposition of consecutive sentences in the absence of required judicial findings, an issue he won on appeal. Thus, no federal claim of any kind was raised on the initial direct appeal. And he did not appeal after resentencing. The attempt, nearly seventeen years later, to reopen the direct appeal to assert his current claims was denied, and that decision was not appealed. Thus, because of White's failure to ever seek any kind of review by the Ohio Supreme Court, we must conclude that White procedurally defaulted the claims he now asserts, having never gone through all available stages of state appellate review. *Wagner*, 581 F.3d at 418.

13

## 4. Overcoming Procedural Default

White also cannot overcome his procedural default. Procedural default can be excused and will not preclude consideration of a claim on federal habeas review, if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) that the "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012). A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense. *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim would establish that the petitioner was "actually innocent."); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual[] innocen[ce]" means "factual innocence, not mere legal insufficiency."); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (An actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial."). As with the statute of limitations, White has not argued or demonstrated that is actually innocent of his crimes of conviction. And he neither argued nor otherwise demonstrated cause to excuse the procedural default of his claims, having provided no explanation for his failure to appeal the denial of his Rule 26 application to the Ohio Supreme Court.[3]

---

[3] White's claims could also be deemed procedurally defaulted because the Ohio Court of Appeals denied White's Rule 26 application for being untimely filed, enforcing the 90-day deadline under Ohio law after noting that White had failed to demonstrate either good cause for the late filing or prejudice. ECF Doc. 9-1 at PageID # 236-37; *see* Ohio App. R. 26(B). Under current Sixth Circuit precedent, Ohio's enforcement of the time limits for filing Rule 26(B) applications is considered to be an adequate and independent state procedural ground which can foreclose federal habeas review in instances when a petitioner cannot show cause and prejudice. *See, e.g.*, *Scuba v. Brigano*, 527 F.3d 479, 485 (6th Cir. 2007). In this habeas proceeding, White does not mention his Rule 26 application and he has otherwise provided no arguments concerning, nor did he otherwise demonstrate, good cause for his failure to file a timely Rule 26 application.

Thus, even if White's claims were not barred by the AEDPA statute of limitations, we would be required to dismiss the claims because they are procedurally defaulted. Our court is simply not permitted to offer any analysis of the merits of the claims.[4]

## V. Certificate of Appealability[5]

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a certificate of appealability ("COA") for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted);

---

[4] Regardless, under brief consideration, White's claims under Ground One and Two are meritless. Indigent defendants have a constitutional right to effective appellate counsel under the Sixth Amendment. *Franklin v. Anderson,* 434 F.3d 412, 428 (2006). Although the right to counsel generally encompasses the right to counsel of choice, an indigent defendant does not have an absolute right to choose appointed counsel. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). The Supreme Court has explained that "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). Thus, White's Ground One claim that his constitutional right to effective appellate counsel was violated (merely because his original appointed appellate counsel was allowed to withdraw and new counsel was appointed) is without merit because, as an indigent defendant, he was only entitled to effective appellate counsel and not to representation by any *specific* appellate counsel. To the extent the appointment "violated" the trial court's order, that is not a constitutional issue and is therefore non-cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a). Because Ground One is meritless, White's newly appointed counsel could not be deemed ineffective for failing to assert an assignment of error related to Ground One. *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013) (citing *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008)); *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (indicating that the task of winnowing out less persuasive arguments on appeal is the hallmark of an effective appellate advocate). Thus, Ground Two also lacks merit. White has not argued or shown that any Ohio court ruling was contrary to or involved an unreasonable application of clearly established federal law; or that any Ohio court made an unreasonable determination of the facts on the record before it. Thus, White cannot meet the standard for habeas relief under AEDPA. 28 U.S.C. §2254(d).

[5] In light of the requirement that the Court either grant or deny a certificate of appealability at the time of its adverse order, a recommendation regarding the certificate of appealability is included. Rule 11(a), 28 U.S.C. foll. § 2254.

15

*see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

If the Court accepts my recommendations, White will not be able to show that the Court's rulings on his claims are debatable among jurists of reason. White's claims are barred by the statute of limitations because he: (i) filed his habeas petition more than 16 years after the statutory deadline; (ii) did not meet his burden of showing entitlement to equitable tolling; and (iii) has not presented an actual innocence claim. His claims are otherwise procedurally defaulted because he did not appeal/present them before the Ohio Supreme Court during the original appeal or at later opportunities (after resentencing on remand or after the denial of his Rule 26 application). Because jurists of reason would not find these conclusions to be debatable, I recommend that no COA issue in this case.

### V. Recommendation

Because White's claims are barred by AEDPA's statute of limitations and were procedurally defaulted, I recommend that White's claims be DISMISSED and his petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED. I further recommend that White not be granted a COA.

Dated: January 23, 2024

                                            Thomas M. Parker
                                            United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).